UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Adam Scott

    v.                              Case No. 24-cv-209-SM-AJ

Warden, FCI Berlin

**REPORT AND RECOMMEDATION**

    Adam Scott, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241. Scott is challenging the loss of good time credit for commission of a disciplinary policy violation. Presently before the court for a recommended decision is the respondent's motion for summary judgment (Doc. No. 6), to which the petitioner timely responded (Doc. No. 8). For the reasons that follow, the district judge should grant the respondent's motion.

**Standard of Review**

    Summary judgment is appropriate when the record reveals that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this context, a factual dispute "is 'genuine' if the evidence of record permits a rational factfinder to resolve it in favor of either party, and 'material' if its existence or nonexistence has the potential to change the

outcome of the suit." Rando v. Leonard, 826 F.3d 553, 556 (1st Cir. 2016) (citation omitted). When material facts are genuinely disputed, such a dispute must be resolved by a trier of fact, not by the court on summary judgment. See, e.g., Kelley v. LaForce, 288 F.3d 1, 9 (1st Cir. 2002). When ruling on a motion for summary judgment, the court is "obliged to review the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." Block Island Fishing, Inc. v. Rogers, 844 F.3d 358, 360 (1st Cir. 2016) (citation omitted).

When objecting to a motion for summary judgment, "[a]s to issues on which the party opposing summary judgment would bear the burden of proof at trial, that party may not simply rely on the absence of evidence but, rather, must point to definite and competent evidence showing the existence of a genuine issue of material fact." Perez v. Lorraine Enters., 769 F.3d 23, 29-30 (1st Cir. 2014). In other words, "a laundry list of possibilities and hypotheticals" and "[s]peculation about mere possibilities, without more, is not enough to stave off summary judgment." Tobin v. Fed. Express Corp., 775 F.3d 448, 451-52 (1st Cir. 2014). See generally Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**Factual Background**

On June 7, 2023, FCI Berlin Lieutenant McCormack ("Lt. McCormack") was reviewing previously placed inmate telephone calls when he became suspicious of a call placed on May 13, 2023, by Scott to telephone number (617) 694-8421. Discipline Hearing Officer Report ("DHO Rep.") (Doc. No. 6-2) at 3. Scott added that number to his inmate telephone call list on May 12, 2023, under the name "ACLU."[1] Id.  Lt. McCormack concluded that Scott was not speaking with attorney, but was speaking with a former FCI Berlin inmate. Id. For example, as Scott and the unknown male ("UM") were talking about another individual, the UM stated, "he left a couple days after I left." Id. Scott also referred to things that happened at FCI Berlin "since you left," and the two (Scott and the UM) discussed the "inner workings of FCI Berlin, inmate politics, and other former inmates." Id. Although Scott's telephone contacts list identified the number as belonging to the "ACLU," Lieutenant McCormack discovered that Scott activated ten different phone numbers under the listing "ACLU," and a review of calls to those numbers failed to disclose any business related to the ACLU. Id.

Following Lt. McCormack's review, Scott was charged with violation of FCI Berlin Code 297 (Phone Abuse-Disrupt

---

[1] The respondent assumes, and Scott does not contest, that "ACLU" refers to the American Civil Liberties Union.

Monitoring), which prohibits the "[u]se of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called, or to commit or further a High category prohibited act." 28 C.F.R § 541.3 Table 1 (2024). A disciplinary hearing was held on July 13, 2023, and Scott, who was provided with a staff representative to assist him at the disciplinary hearing, was found to have violated Code 297. Magnusson Dec., Exhibit A at 2. The hearing officer imposed a 27-day loss of good-time credit and a 3-month loss of telephone privileges. Id. at 3.

### Inmates' Phone Use Regulations

BOP Program Statement 4500.12 provides that "[i]nmates may only communicate with approved persons on their contact lists for the purpose of [ ] TRUFONE[2] . . . It is the inmate's responsibility to maintain his/her own list with accurate contact information, to include first name; last name; relationship; language; and postal address. Inmates are subject to disciplinary action for lying and/or providing false or fictitious information regarding a contact (e.g., when complete name is not used; when information is altered to hide the identity of the contact; and any/all other attempts to mislead

---

[2] TRUFONE is the BOP's inmate telephone system.

4

reviewing and monitoring staff as to the true identify and contact information)." See DHO Rep. (Doc. No. 6-2) at 3. Each time an inmate places a telephone call through the TRUFONE system they must enter their unique personal access code ("PAC") to access the system and place the call. Id.

### Disciplinary Procedures

The Bureau of Prison's ("BOP") inmate disciplinary procedures are codified at 28 C.F.R.§ 541.  Pursuant to those regulations, BOP staff prepare an Incident Report when there is reason to believe that an inmate has violated BOP regulations. Id. at § 541.5(a).  The inmate is provided with a written copy of the charges against him within twenty- four hours of the time prison staff became aware of the incident, and an investigating officer reads the charges to the inmate and asks for the inmate's statement, advising the inmate of the right to remain silent. Id. at § 541.5(b).

An investigator sends all relevant materials to the Unit Disciplinary Committee ("UDC") for review. 28 C.F.R. § 541.7. The inmate may appear before the UDC during its review of the Incident Report and is entitled to make a statement and present documentary evidence. Id. at § 541.7(e). The UDC may also refer the case to a disciplinary hearing officer ("DHO") for further proceedings. Id. The charges against Scott were so referred.

5

The DHO is an independent hearing officer. 28 C.F.R. § 521.8(f). When charges are referred to the DHO, the inmate is advised of his rights at the hearing. The inmate may choose to have a staff representative present with him at the time of the hearing and is provided the opportunity to call witnesses and to present evidence. Id. at §§ 541.7(g), 541.8. The DHO prepares a record of the proceedings, including whether the inmate was advised of his or her rights, the DHO's findings, a decision, and the specific evidence relied upon by the DHO in making the determination. The inmate is then provided a written copy of the DHO's report. Id. at §541.8(h). The DHO then determines whether the inmate committed the act charged and prepares a record of the proceedings. Id.

## Discussion

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). If a prison disciplinary hearing can result in the loss of good time credit, a prisoner is entitled to: (1) written notice of the disciplinary charges at least 24 hours in advance of the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) an impartial factfinder; and (4) a written statement by the

6

factfinder of the evidence relied upon and the reasons for the disciplinary action. Id. at 563-67. Due process also requires that the disciplinary decision to revoke GCT be supported by "some evidence." Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454, 455-56 (1985) In determining whether a decision is supported by "some evidence," "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. This standard is "minimally stringent," Fox v. Hazelwood, No. 21-CV-159-PB, 2022 WL 17736634, at *2 (D.N.H. Dec. 16, 2022) (quoting Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994)), and will be satisfied by "[e]ven a meager amount of evidence." Id. (quoting Roberts v. Warden, FCI Berlin, No. 21-CV-875-SE, 2022 WL 16540863, at *1 (D.N.H. Oct. 28, 2022)).

Finally, "'prison disciplinary hearing officers are not held to the same standard of neutrality' as judges." Strom v. FCI Berlin, No. 23-CV-176-LM-AJ, 2025 WL 951866, at *6 (D.N.H. Feb. 26, 2025) (quoting Allen v. Cuomo, 100 F.3d 253, 259 (2d Cir. 1996)), report and recommendation adopted sub nom. Strom v. FCI Berlin, Warden, No. 23-CV-176-LM, 2025 WL 951675 (D.N.H. Mar. 28, 2025). Due process is offended only if the decisionmaker is so impartial that it presents a "hazard of arbitrary decisionmaking." Wallace v. Warden, FCI Berlin, No. 23-CV-048-JL-AJ, 2025 WL 951843, at *4 (D.N.H. Mar. 5, 2025)

7

(cleaned up), report and recommendation approved sub nom. Wallace v. FCI Berlin, Warden, No. 23-CV-48-JL-AJ, 2025 WL 951676 (D.N.H. Mar. 27, 2025)); Wolff, 418 U.S. at 571.

Scott does not challenge the adequacy of the procedures leading to his discipline.[3] Instead he argues that he did not commit a 297 violation because he did not circumvent the staff's ability to monitor the frequency or content of his calls or the number called, as a "297" violation requires. Pltf. Obj. (Doc. No. 8) at 1. He also asserts, without elaboration or factual support, that the person he called "has a relationship" with the ACLU. Compl. (Doc. No. 1) at 1. He suggests that a less severe "397" violation was the proper charge. Pltf. Obj. (Doc. No. 8) at 2.

Both Code 297 and Code 397 prohibit the use of a telephone for abuses other than illegal activity. The primary difference is that Code 297 prohibits the "use of the telephone for abuses other than criminal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called. . . ." 28 C.F.R. § 541.3, T.1. Code 397 prohibits the "use of the telephone for abuses other than criminal activity which do not circumvent the ability of staff

---

[3] Though Scott alleged in his complaint that Lt. McCormack harbors racial animosity, he offers no facts in support of his claim and does no raise this issue in his objection to the pending motion.

8

to monitor" such conduct. Id. (emphasis added). "A '297' is considered a high severity level violation" while a " '397' is considered a moderate severity level violation." Chappell v. Salina, No. 2:17-CV-374, 2018 WL 8415413, at *1 n. 1 (S.D. Tex. Nov. 5, 2018), report and recommendation adopted, No. 2:17-CV-374, 2019 WL 2284904 (S.D. Tex. May 29, 2019). Thus, a violation of Code 297 brings with it a more severe sanction than a Code 397 violation. Oliver v. Warden, No. 5:19-cv-214-KKM-PRL, 2022 WL 2209896, at *1 (M.D. Fl. June 21, 2022).

 Here, the court finds that the respondent has amply demonstrated that there was "some evidence" that Scott committed a 297 violation. First, the DHO was entitled to rely on Lt. McCormack's report. See, e.g., Lally v. Fultz, 2013 WL 1412193 at *5 (D. Mass. April 5, 2013) ("A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation . . ."). Moreover, the DHO also: (1) listened to the recording of the call between Scott and the UM; and (2) reviewed Scott's inmate telephone call list containing multiple numbers listed as the "ACLU." DHO Rep. (Doc. No. 6-2) at 3-4.

 By listing "ACLU" as the contact number for a former FCI Berlin inmate, Scott interfered with the ability of the staff at FCI Berlin to monitor the content of the call, as inmate

9

telephone calls to attorneys, like those at the ACLU, are afforded greater protection than inmate calls to others. See 28 C.F.R. § 540.102 ("Staff may not monitor an inmate's properly placed call to an attorney . . .").

Given these facts, and the fact that Scott concealed the identity of the individual he called, the DHO had more than sufficient evidence to find that Scott violated FCI Code 297. See, e.g., Brewer v. Earwin, No. 22-CV-489-LKG, 2023 WL 1109662, at *2 (D. Md. Jan. 30, 2023) (rejecting inmate's claim that "the charge should have been violation of Code 397 because the conduct charged demonstrates that staff monitored the call and were able to list the phone number of the call made"); Mustafa v. Fikes, No. 22-CV-0011 (PJS/JFD), 2022 WL 4291429, at *5 (D. Minn. Aug. 17, 2022) (Observing that "Code 297's language has a larger scope than simply listening to the content of a prisoner's call[;] it includes other aspects of monitoring, including 'the number called[.]'") (cleaned up), rep. & rec. adopted, No. 22-CV-0011 (PJS/JFD), 2022 WL 4290686 (D. Minn. Sept. 16, 2022); West v. Williams, No. 2:15-cv-10, 2015 WL 5042158, at *6-7 (N.D. W. Va. Aug. 25, 2015) ("[T]here is clearly 'some evidence' to support the finding that Petitioner's conduct violated Code 297 because it circumvented telephone monitoring procedures; accordingly, Petitioner's argument that he was charged under the wrong Code section is without merit."). Accordingly, based on the

undisputed material facts of record, the respondent is entitled to summary judgment.

## Conclusion

Based on the foregoing, the district judge should grant the respondent's motion for summary judgment. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 16, 2025

cc: Adam Scott, pro se
    Counsel of Record

11